**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Taylor Corporation,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Myron Corporation,** <br><br> **Defendant.** | **Civil No. 01-2049 (DSD/SRN)** <br><br><br><br> **ORDER** |

---

Laura J. Hein, Esq., on behalf of Plaintiff

Mark P. Kovalchuk, Esq., on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Affidavit Regarding Attorneys' Fees in connection with its Motion to Compel Discovery (Doc. No. 10). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

On December 17, 2002, this Court issued an Order (Doc. No. 14) granting Plaintiff's Motion to Compel Discovery (Doc. No. 10) in all respects, including Plaintiff's request for expenses and fees. Through the affidavit of Laura J. Hein, Plaintiff submits that it has incurred $1,695.25 in attempting to obtain overdue discovery responses and the preparation of its motion to compel. Through the affidavit of Laura J. Hein, Plaintiff also submits that it has incurred $422.50 preparing its affidavit of attorneys' fees. These fees are entirely reasonable. Accordingly, Plaintiff is awarded and Defendant shall pay $2,117.75 in attorneys' fees.

JAN 0 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff is awarded and Defendant shall pay to Plaintiff $2,117.75 in attorneys' fees.

Dated: January 6, 2003

SUSAN RICHARD NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.